**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Patterson,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Economic Security, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-00321-PHX-NVW<br><br>**ORDER** |

　　　　Before the court is a joint Motion to Dismiss Third Amended Complaint (Doc. 30) filed by the Arizona Department of Economic Security and eight individual defendants (collectively, "Defendants"). Plaintiff Lorraine Patterson seeks damages from Defendants for allegedly depriving her of her First and Fourteenth Amendment rights during state court dependency proceedings that terminated Plaintiff's custody over her daughter. In their Motion, Defendants urge dismissal of Patterson's Amended Complaint (Doc. 17) on the grounds that 1) Patterson has failed to state a claim upon which relief can be granted, 2) Defendants are protected by sovereign, qualified, and absolute immunity, and 3) the *Rooker-Feldman* doctrine deprives this court of subject-matter jurisdiction over "this de facto appeal of a state-court ruling." (Doc. 30 at 2-3, 12-14.)

　　　　Under *Rooker-Feldman*, when a "losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," the federal district court lacks jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291

(2005). *Rooker-Feldman* applies only in these "limited circumstances." *Id.* at 291. The doctrine bars subject matter jurisdiction only where a "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.* And, contrary to Defendants' suggestion, a finding that prior state litigation is "inextricably intertwined" with subsequent federal litigation does not automatically trigger application of *Rooker-Feldman*:

> The premise for the operation of the "inextricably intertwined" test in *Feldman* is that the federal plaintiff is seeking to bring a forbidden de facto appeal. The federal suit is not a forbidden de facto appeal because it is "inextricably intertwined" with something. Rather, it is simply a forbidden de facto appeal. Only when there is already a forbidden de facto appeal in federal court does the "inextricably intertwined" test come into play: Once a federal plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman*, that federal plaintiff may not, as part of the suit in which the forbidden appeal is brought, seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought.

*Id.* at 1158.

Here, Patterson does not ask this court to "review and reject" the state juvenile court's judgment or to remedy an "injury" caused by that judgment. Instead, she merely requests damages against Defendants for their alleged violations of her constitutional rights. (Doc. 17-3 at 2.)

Defendant Regina Rodriguez works for the Arizona Foster Care Review Board, a "citizen review board created by Arizona statute" and "operated by the Arizona Supreme Court." (Doc. 30 at 4.) The Board "reviews cases and provides reports to the juvenile court in dependency proceedings." (*Id.* at 2.) It is not clear from the pleadings and Defendants' Motion whether the Board qualifies as a judicial or quasi-judicial, as opposed to executive, actor. Even if the Board is judicial in nature, however, Plaintiff does not aim to "vacate or set aside the judgment" of the Board or the juvenile court to

which the Board reports. *Noel*, 341 F.3d at 1156. She simply seeks damages for "an allegedly illegal act or omission by an adverse party," *id.* at 1164—namely, Rodriguez. *Rooker-Feldman* is thus no obstacle to jurisdiction. As all other Defendants are undoubtedly executive officers, they similarly cannot be responsible for "a legal injury caused by a state court judgment." *Id.* at 1163. And Plaintiff does not move to set aside any such judgment in any event.

Plaintiff's Amended Complaint does allege that, at various points during the state court proceedings, she was deprived of certain due process protections. For example, she asserts she "was denied the right to witnesses," was "denied an evidential hearing," and was "denied a continuance although unprepared to argue her case on July 24th, 2013." (Doc. 17-2 at 18.) But her Amended Complaint does not attempt to have those procedural rulings vacated or otherwise to disturb the final judgment of the Arizona juvenile court. Defendants cite no authority suggesting *Rooker-Feldman* strips this court of jurisdiction to hear such complaints.

Patterson's claims may be barred by various immunities or come up short under Federal Rule of Civil Procedure 12(b)(6); further briefing is required before the court can decide that issue. But it is clear from the face of the Amended Complaint that Patterson has not filed an appeal—"de facto" or otherwise—of the juvenile court judgment. Accordingly, *Rooker-Feldman* is inapplicable to this case, and the portion of Defendants' Motion that seeks dismissal under that doctrine must be denied. Because the remainder of Defendants' Motion requests dismissal on non-jurisdictional grounds, Patterson will have seventeen days, rather than thirty-three, in which to file a response.

IT IS THEREFORE ORDERED that Defendants' joint Motion to Dismiss Third Amended Complaint (Doc. 30) is denied to the extent it seeks dismissal under *Rooker-*

/ / /

/ / /

1  *Feldman*.  Plaintiff shall file a response to the remainder of the Motion no later than
2  August 4, 2015.
3      Dated this 21st day of July, 2015.

/s/ Neil V. Wake
Neil V. Wake
United States District Judge