**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Patterson, | No. CV-15-00321-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Economic Security, et al., | |
| Defendants. | |

Before the court is the Motion to Dismiss Third Amended Complaint (Doc. 30) jointly filed by Defendants Arizona Department of Economic Security ("the Department"), Gregory McKay, Abrienda Hansen, Carla Miller, Patty Nelson-McCall, Lindsey Romero, JoAnne Mathlin, Karen Youngman, and Regina Rodriguez (collectively, "State Defendants"). For the following reasons, the Motion will be granted.

This action grew out of state court dependency proceedings that terminated Plaintiff's custody over her then-minor daughter. Plaintiff alleges various state and county officials who participated in those proceedings violated her First and Fourteenth Amendment rights, for which she seeks damages under 42 U.S.C. § 1983. State Defendants now move to dismiss for failure to state a claim upon which relief can be granted.

When considering a motion to dismiss, a court evaluates the legal sufficiency of the plaintiff's pleadings. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of

1 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need include "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.* If the plaintiff's pleadings fall short of this standard, dismissal is appropriate.

The court will consider the sufficiency of Plaintiff's allegations as to each State Defendant in turn.

### A.  Arizona Department of Economic Security

Although the Department is listed as the lead defendant in the caption of Plaintiff's Amended Complaint, and although several of the individual State Defendants are employed by the Department, none of Plaintiff's six causes of action is pleaded against the Department. In any event, the Department is an agency of the state of Arizona, which is entitled to Eleventh Amendment sovereign immunity in federal courts. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of

1 civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." (citation omitted)).  As the Department's immunity has been neither waived nor abrogated in this case, the Department must be dismissed.

### B. Abrienda Hansen

Hansen is the state assistant attorney general who represented Arizona in the dependency proceedings for the benefit of Plaintiff's daughter. (Doc. 17 at 5; Doc. 30 at 5.)  As best as the court can make out, Plaintiff accuses Hansen of various types of misconduct during proceedings in juvenile court, including "affirm[ing] a lie" to a state court judge, "hid[ing] the amended petition dropping all charges against Plaintiff," and filing "false charges" against Plaintiff.  (Doc. 17-2 at 9.)  In addition, Plaintiff alleges, without providing detailed factual support, that Hansen "committed perjury, deceived the court, withheld paperwork and court documents, published untruths, failed to properly admonish misconduct, suppressed exculpatory evidence (non-inclusive list), retaliated, and failed to do [her job] as prescribed by law." (*Id.* at 22.)

The Supreme Court has held that "prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution" as well as for "activities . . . intimately associated with the judicial phase of the criminal process." *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) (alteration in original) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  The Court later "extended *Imbler* beyond criminal prosecutions to administrative enforcement proceedings." *Id.* at 810 (citing *Butz v. Economou*, 438 U.S. 478 (1978)).  "Noting again that functional comparisons are key and that it is the 'characteristics of the judicial process rather than its location' that matters, the Court concluded that agency enforcement actions are sufficiently analogous to criminal prosecutions that agency officials who initiate enforcement actions are protected by absolute immunity." *Id.* (citation omitted).  But government attorneys do not enjoy absolute immunity in all civil suits, and "qualified immunity is the norm for government

officials except in 'exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business.'" *Id.*

Neither the Supreme Court nor the Ninth Circuit has articulated a clear test for determining when government lawyers enjoy absolute immunity. But the Ninth Circuit has suggested that absolute, rather than qualified, immunity may be available if 1) "the government attorney was taking action that only a legal representative of the government could take," and 2) the attorney brings the action in good faith, rather than, for example, as part of a "baseless," "harassing public-relations ploy." *See id.* at 811-12.

Here, the juvenile court dependency proceedings were civil in nature. But under *Stapley*, they were sufficiently "analogous" to a criminal prosecution to confer absolute immunity on Hansen for "activities . . . intimately associated with the judicial phase" of those proceedings. Hansen brought the dependency proceedings as a legal representative of the state, and there is no suggestion in Plaintiff's Amended Complaint that those proceedings were intended for the purpose of harassment. She is therefore entitled to absolute immunity. Because Plaintiff cannot recover for any false statements or false charges Hansen allegedly made in state court, all claims against Hansen must be dismissed.

### C. Child Protective Services Defendants

Defendants Carla Miller, Patty Nelson-McCall, Lindsey Romero, JoAnne Mathlin, and Karen Youngman worked in the Department's Child Protective Services Division at the time of the juvenile court proceedings. (Doc. 17 at 5-6; Doc. 30 at 6-7.) Plaintiff's allegations against these five State Defendants vary slightly in the particulars, but she essentially claims that each of them made false statements to the state courts and suppressed evidence that might have exculpated Plaintiff. (*See* Doc. 17-2 at 5-12.)

"Although child services workers do not initiate criminal proceedings, their responsibility for bringing dependency proceedings, and their responsibility to exercise independent judgment in determining when to bring such proceedings, is not very different from the responsibility of a criminal prosecutor." *Meyers v. Contra Costa Cnty.*

*Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987).  Therefore, "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Id.*  Plaintiff's allegations against the Child Protective Services defendants are somewhat disjointed, but it appears she complains only of actions those defendants took in "pursuit of" the state court dependency proceedings.  Plaintiff therefore cannot state a claim against those defendants under § 1983.

### D.     Regina Rodriguez

Rodriguez is a staff member of the Arizona Foster Care Review Board ("the Board"), a "citizen review board created by Arizona statute" and "operated by the Arizona Supreme Court."  (Doc. 30 at 4; Doc. 17 at 4.)  The Board meets "every six months to review cases of children in foster care and must provide its findings to the juvenile court."  (Doc. 30 at 4.)  According to the Amended Complaint, Plaintiff attended an April 4, 2014 Board meeting at which she demanded Rodriguez release Plaintiff's "evidence and information," which Rodriguez refused to do.  (Doc. 17-1 at 18.)  When Plaintiff spoke for longer than her allotted four minutes, Rodriguez allegedly called security to have her removed.  (*Id.*)  The Amended Complaint alleges that Rodriguez later submitted a report to the juvenile court that "continue[d] to discredit Plaintiff," "cover[ed] up facts and evidence," described Plaintiff as "belligerent," and included "a tirade of untruths about Plaintiff."  (*Id.* at 18-19; Doc. 17-2 at 13.)

To prevail on a § 1983 claim, "a plaintiff must show that '(1) acts by the defendants (2) under color of state law (3) deprived [him] of federal rights, privileges or immunities [and] (4) caused [him] damage.'"  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (alterations in original).  A "public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights."  *Galen v. Cnty. of L.A.*, 477 F.3d 652, 659 (9th Cir. 2007) (emphasis in original).  The plaintiff must show that the public official's conduct "actually and proximately caused" the violation of the plaintiff's constitutional rights.  *Id.*  Given the multitude of

- 5 -

1 defendants and proceedings in Plaintiff's case, the Amended Complaint cannot plausibly
2 be read to allege that it was Rodriguez—a staff member for a citizen review board that
3 appears to have had no real authority to determine the course of the dependency
4 proceedings—who proximately caused the violation of Plaintiff's right to the care and
5 custody of her daughter.  Without particularized factual allegations to support such an
6 inference, the Amended Complaint does not plead the causation that every § 1983 cause
7 of action requires.  The claims against Rodriguez must be dismissed.

### E. Gregory McKay

The Amended Complaint alleges that at an October 17, 2013 "C.P.S. oversight Committee meeting in Phoenix," Plaintiff delivered a note to McKay, formerly the chief of Arizona's Office of Child Welfare Investigations, and "g[ot] his card" in return. (Doc. 17 at 4; Doc. 17-1 at 5.)  Two days later, Plaintiff allegedly "deliver[ed] evidence to Greg McKay's office."  (Doc. 17-1 at 5.)  The Amended Complaint makes no further allegations as to McKay.  Accepting these facts as true, they clearly fail to state a claim for the deprivation of any federal right.  McKay will therefore be dismissed.

The court screened Plaintiff's complaint three times before permitting it to be served (Doc. 3, 7, 13), and it appears there is little, if anything, she could include in a further amended complaint to address the deficiencies identified in this Order. Nevertheless, because she is proceeding *in propria persona*, the court will allow Plaintiff twenty-one days in which to submit an amended complaint that states a claim upon which relief can be granted.  If Plaintiff's amended complaint fails to satisfy Rule 12(b)(6), no further leave to amend will be granted.

IT IS THEREFORE ORDERED that State Defendants' Motion to Dismiss Third Amended Complaint (Doc. 30) is granted.

IT IS FURTHER ORDERED that Plaintiff may file by September 2, 2015, an amended complaint that states a claim upon which relief can be granted.  If by that date

Plaintiff has not submitted an amended complaint, the Clerk shall terminate this case as against Defendants Arizona Department of Economic Security, Gregory McKay, Abrienda Hansen, Carla Miller, Patty Nelson-McCall, Lindsey Romero, JoAnne Mathlin, Karen Youngman, and Regina Rodriguez.

Dated this 12th day of August, 2015.

_____
Neil V. Wake
United States District Judge