**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Patterson,<br><br>                    Plaintiff,<br><br>v.<br><br>Arizona Department of Economic Security, et al.,<br><br>                    Defendants. | No. CV-15-00321-PHX-NVW<br><br>**ORDER** |

Before the court is the Motion to Dismiss (Doc. 26) jointly filed by the City of Mesa ("the City"), the Mesa Police Department, and Frank Milstead (collectively, "Defendants"). The Motion will be granted.

**I.    BACKGROUND**

Plaintiff filed suit in February 2015, seeking damages for violations of her constitutional rights allegedly suffered during her daughter's state court dependency proceedings. (Doc. 1.) Plaintiff's latest Amended Complaint, submitted on May 29, 2015, alleges six causes of action under 42 U.S.C. § 1983 against more than a dozen different defendants. (Doc. 17.)

In count five, which is pleaded against all Defendants, Plaintiff asserts that after a guardianship petition was filed as to her daughter in February 2013, she contacted the Mesa Police Department in an attempt to obtain the "return of her minor child." (Doc. 17-2 at 27.) Plaintiff alleges that the "varied response and statements Plaintiff received

from the police officers . . . shows a pattern of no policy established . . . and a callous indifference as to the return of underage children as minors, until the legal the [sic] age of 18 and the constitutional rights of parents requesting such." (*Id.*)  According to the Amended Complaint, "no policy was created or followed" regarding the protection of parental rights over minor children. (*Id.*) Elsewhere in the same claim, however, Plaintiff asserts that "Mesa has established policies that have a callous indifference to the rights of parents and lead to unwarranted dependencies." (*Id.* at 27-28.) The closest Plaintiff comes to identifying these policies is the following:

> The unwritten policy of acting with a callous deliberate indifference to the rights of children and parents with whom The City of Mesa agents can regularly be expected to come into contact by failing and/or refusing to implement a practice of regular and adequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees and state actors, in providing and ensuring compliance with the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendments, as to returning a minor under the age of 18 to the care and control of their parent and when performing actions related to child abuse, intra agency protocol , domestic violence and therefore leading to an unwarranted dependencies.

(*Id.* at 32.)

The Amended Complaint's sixth cause of action is pleaded only against Milstead, the former chief of the Mesa Police Department, and Gregory McKay, who is not a party to the pending Motion. (*Id.* at 33.) Plaintiff's allegations are somewhat rambling and difficult to understand, but the essence of her complaint seems to be that Milstead failed to protect Plaintiff's constitutional right to familial association despite knowledge that those rights were being violated by other defendants. (*Id.* at 34-36; Doc. 17-3 at 1-2.) Although it is not entirely clear, Plaintiff may also be alleging that Milstead "failed to intercede" to provide protection against the boyfriend of Plaintiff's other daughter, who initiated the guardianship proceedings. (*See* Doc. 17-2 at 34.)

Defendants now move to dismiss on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss, a court evaluates the legal sufficiency of the plaintiff's pleadings. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need include "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.* If the plaintiff's pleadings fall short of this standard, dismissal is appropriate.

## III. ANALYSIS

### A. Mesa Police Department

The Mesa Police Department "is not a jural entity subject to suit" in its own name. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 885-87 (D. Ariz. 2008). All claims against the Mesa Police Department must therefore be dismissed.

### B. City of Mesa

Although § 1983 establishes liability for any "person" who deprives a plaintiff of her rights, a municipality such as the City can be held liable under § 1983 in limited circumstances. On this theory of municipal liability, named after the Supreme Court's decision in *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), a "municipality cannot be held liable under a respondeat superior theory." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). "Instead, Congress intended to hold municipalities liable only when action pursuant to official municipal policy of some nature caused a constitutional tort. The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (emphasis in original) (citation and some internal quotation marks omitted).

"In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (alterations in original). "For purposes of liability under *Monell*, a 'policy' is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' A municipality is also liable if a policymaking official delegates his or her discretionary authority to a subordinate, and the subordinate uses that discretion." *Fogel*, 531 F.3d at 834 (ellipsis in original) (citation omitted). In addition, a plaintiff may establish liability by proving "the existence of a widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam) (ellipsis in original). "Failure to train may amount to a policy of 'deliberate indifference,'

1 if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. . . . Mere negligence in training or supervision, however, does not give rise to a *Monell* claim." *Dougherty*, 654 F.3d at 900.

Plaintiff has not stated an adequate *Monell* claim.  As an initial matter, the Amended Complaint is internally inconsistent as to whether the City has adopted any policies at all.  Plaintiff simultaneously alleges that the City maintained no policy regarding "the return of underage children" and that the "established customs and practices of the City of Mesa . . . were the moving force . . . of the violations of Plaintiff's constitutional rights."  (Doc. 17-2 at 32.)  This defect is not fatal, however.  Liberally construing the Amended Complaint, as the court is required to do with pro se litigants, it appears Plaintiff has alleged that the City has a "policy" of failing to train its employees to respect and protect parents' rights to the custody and control of their minor children.  Still, this bare assertion is insufficient.  The Amended Complaint does not explain how the City's "need to train was obvious," which policymaking official ignored this obvious need, or in exactly what ways the City's training was inadequate.  Nor does it causally connect the failure to train with the actions of any specific City employees who allegedly deprived Plaintiff of her constitutional rights.  Plaintiff has offered nothing but legal conclusions, bereft of any factual support.  Under Rule 12(b)(6), such pleading does not state a claim.

### C.     Frank Milstead

To prevail on a § 1983 claim, "a plaintiff must show that '(1) acts by the defendants (2) under color of state law (3) deprived [him] of federal rights, privileges or immunities [and] (4) caused [him] damage.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (alterations in original).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States." *Id.* at 1164 (citation and internal quotation marks omitted).

Here, Plaintiff has not stated a § 1983 claim against Milstead. Assuming without deciding that other defendants violated Plaintiff's constitutional rights during the dependency proceedings, it is those defendants, not Milstead, who have deprived her of federal rights, privileges, or immunities. Plaintiff has not alleged—nor could she—that Milstead personally was under an obligation to ensure that every member of the Mesa city government, as well as each Arizona state worker, perform his job in a way that avoids infringing on Plaintiff's constitutional rights. Milstead's decision to "turn a blind eye" (Doc. 17-2 at 35) to other government workers' misconduct is therefore not cognizable under § 1983, especially when alleged in the perfunctory, undetailed manner of the Amended Complaint. *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012) ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct." (alteration in original)). Where a defendant is not alleged to be the cause of a plaintiff's alleged injury, a § 1983 cause of action must be dismissed.

To the extent Plaintiff seeks damages for Milstead's failure to protect her from other private actors, such as the boyfriend who initiated the state court dependency proceedings, the Amended Complaint has failed to state a claim. The Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Accordingly, Plaintiff cannot recover on the theory that Milstead failed to shield Plaintiff's liberty interests from non-governmental actors. The fifth and sixth causes of action in Plaintiff's Amended Complaint do not satisfy Rule 12(b)(6).

The court screened Plaintiff's complaint three times before permitting it to be served (Doc. 3, 7, 13), and it appears there is little, if anything, she could include in a further amended complaint to address the deficiencies identified in this Order.

1  Nevertheless, because she is proceeding *in propria persona*, the court will allow Plaintiff
2  twenty-one days in which to submit an amended complaint that states a claim upon which
3  relief can be granted.  If Plaintiff's amended complaint fails to satisfy Rule 12(b)(6), no
4  further leave to amend will be granted.

6      IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 26) is
7  granted.
8      IT IS FURTHER ORDERED that Plaintiff may file by September 2, 2015, an
9  amended complaint that states a claim upon which relief can be granted.  If by that date
10 Plaintiff has not submitted an amended complaint, the Clerk shall terminate this case as
11 against Defendants City of Mesa, the Mesa Police Department, and Frank Milstead.
12     Dated this 12th day of August, 2015.

_____
Neil V. Wake
United States District Judge