**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorraine Patterson,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Economic Security, et al.,<br><br>　　　　　　Defendants. | No. CV-15-00321-PHX-NVW<br><br>**ORDER** |

Before the Court are two of Plaintiff's motions (Docs. 63, 64), respectively entitled (verbatim):

(1) "Motion/Petition FOR Recusal/Removal OF Judge Neil Wake28 U.S.C. § 144 : US Code – Section 144: Bias or prejudice of judge Rule 60. Relief from a Judgment (s)or Order based on fraud," and

(2) "2nd MOTION FOR RECUSAL for Recusal of Judge Neil Wake; Voiding Rulings made on Fraud Upon the Court and Change of Venue Due to federal Court Clerk Misconduct."

The Court construes these as motions for recusal under 28 U.S.C. § 144 and motions for relief under Federal Rule of Civil Procedure 60(b)(3). For the reasons that follow, the motions will be denied.

## I. BACKGROUND

Plaintiff represents herself in this action and submits and receives filings by mail. On February 20, 2015, Plaintiff filed a 198-page complaint against seventeen named Defendants. (Doc. 1, 1-1, 1-2.) On February 25, the Court ordered Plaintiff to show cause why her complaint should not be dismissed as inadequately pleaded or, in the alternative, to file an amended complaint by March 25. (Doc. 3.)

On March 2, Plaintiff filed a substantially similar complaint. (Doc. 4.) But then she explained that, at the time she filed this new complaint, she had not yet received the Court's February 25 order. (Doc. 6 at 1.) So the Court gave Plaintiff leave to file another complaint by March 25. (Doc. 7.)

On March 26, Plaintiff filed a 113-page amended complaint (Doc. 10) and a motion to extend the March 25 deadline by one day (Doc. 9). The Court granted the motion and deemed the amended complaint timely. (Doc. 11.) But then the Court dismissed the amended complaint as still inadequately pleaded. (Doc. 13.) The Court permitted Plaintiff to move for leave to amend the complaint again. (*Id.*)

On May 13, Plaintiff moved for leave to amend again (Doc. 14) and filed a redlined proposed further amended complaint (Doc. 15). The Court, cautiously noting an improvement, ordered Plaintiff to file the further amended complaint. (Doc. 16.) Plaintiff filed the further amended complaint, now 110 pages, on May 29. (Doc. 17.)

In July, most of the Defendants moved to dismiss for failure to state a claim. (Docs. 23, 26, 30.) One Defendant, Carol Stiles, waited until August 10 to move to dismiss. (Doc. 40.) On August 12, the Court granted the July motions to dismiss and therefore denied Stiles' motion as moot. (Docs. 41, 42, 43, 44.) The Court gave Plaintiff one final opportunity to amend the complaint, this time by September 2. (Doc. 41 at 6; Doc. 42 at 7; Doc. 43 at 6; Doc. 44 at 1.)

On August 21, Plaintiff filed a document ("the Document") that at first glance looked like another amended complaint. (Doc. 45.) For example, the Document's type-

written title contained the word "Complaint," like in the previous amended complaint. (*Compare* Doc. 45 at 1 *with* Doc. 17 at 1.) And the Document contained allegations in numbered paragraphs, like in the previous amended complaint. (*Compare* Doc. 45 *with* Doc. 17.) But there were differences too. For example, in the top-right corner of the Document's first page were the hand-written words "Opposition to Defendant Az [*sic*] Bar Counsel Carol Dahle Stiles," which were absent in the previous amended complaint. (*Compare* Doc. 45 at 1 *with* Doc. 17 at 1.) And the Document was only 19 pages long excluding attachments, much shorter than the previous amended complaint. (*Compare* Doc. 45 *with* Doc. 17.) Despite these differences, the Document was labeled an "Amended Complaint" in the Court's electronic docket. Accordingly, the Court and Defendants treated the Document as an amended complaint. (Docs. 46, 52, 55, 56, 58, 60.) Defendants renewed their motions to dismiss. (Docs. 46, 52, 58, 60.) The Court granted two of these motions (Doc. 56) but has not yet ruled on the other two.

On August 31, Plaintiff filed a "Motion for Reconsideration." (Doc. 47.) In it, Plaintiff acknowledged she had been "ordered to amend her Civil Complaint for a fourth time" but decided to "submit[] this Motion for relief instead of another complaint." (*Id.* at 2.) The Court summarily denied the motion. (Doc. 52.)

On October 2, a month after the final deadline for amending the complaint, Plaintiff filed a proposed further amended complaint. (Doc. 57.) The Court dismissed the proposed complaint because it was unaccompanied by a motion for leave to amend. (Doc. 59.)

Now Plaintiff moves for recusal under 28 U.S.C. § 144 as well as relief under Federal Rule of Civil Procedure 60(b)(3). (*See* Doc. 63 at 1; Doc. 63-1 at 1; Doc. 64 at 2, 24.) She requests recusal and relief primarily on the ground that the Court erroneously labeled the Document filed on August 21 as an amended complaint. (*See* Doc. 63 at 2 (alleging that the Court "in conspiracy with Federal Court Clerk Doe" "issued rulings on

a document that does not exist"); Doc. 64 at 3 (alleging that the Court ordered Plaintiff's submission "to be fraudulently changed to an Amended Complaint")).

## II. ANALYSIS

### A. Recusal

Section 144 of Title 28, U.S.C., requires a judge to recuse himself if a party files an affidavit that is (1) timely, (2) accompanied by a certificate of counsel of record stating that it was made in good faith, and (3) sufficient in its allegation that the judge has a "personal bias or prejudice" against the movant. The statute provides in full:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

As a threshold issue, therefore, it must be determined whether Plaintiff has submitted a timely and sufficient affidavit.

#### 1. Timeliness

Section 144's requirement of a timely filing "ensures that a party may not wait and decide whether to file based on whether he likes subsequent treatment that he receives." *SEC v. Loving Spirit Found.*, 392 F.3d 486, 492 (D.C. Cir. 2004) (internal quotation marks omitted). The filing is not timely "unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such

- 4 -

disqualification." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citations and internal quotation marks omitted). Typically, affidavits in support of recusal are untimely under § 144 only when filed after substantial period of delay. *See, e.g.*, *Sykes*, 7 F.3d at 1339 (finding an affidavit untimely when it was filed over two months after the judge made prejudicial remarks).

Here, Plaintiff filed her motions for recusal on October 14 and 19, complaining of behavior that took place nearly two months earlier on August 21. However, because Plaintiff represents herself and receives filings and orders by mail, she might not have been fully aware of the complained-of behavior until recently. Therefore, Plaintiff's recusal motions are deemed timely.

### 2. Certification of Good Faith

Under § 144, a movant's affidavit in support of recusal "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." Strict compliance with this provision is required as to both the form and sufficiency of the certification because, when the truth of the factual averments in the affidavit must be assumed, the certificate is the only guard against the use of a false affidavit. *See Loving Spirit*, 392 F.3d at 496; *Sykes*, 7 F.3d at 1339; *Robinson v. Gregory*, 929 F. Supp. 334, 337 (S.D. Ind. 1996); *Duplan Corp. v. Deering Milliken, Inc.*, 400 F. Supp. 497, 507-08 (D.S.C. 1975). Counsel's failure to provide a valid certificate is an independent basis for denying a recusal motion. *United States v. Miller*, 355 F. Supp. 2d 404, 406 (D.D.C. 2005).

Here, Plaintiff provides no certification that her motions for recusal are made in good faith. Therefore, the motions are inadequate under § 144.

### 3. Sufficiency

To warrant recusal under § 144, the movant must allege that the judge has "a personal bias or prejudice either against him or in favor of any adverse party." "The factual averments must show that the bias is personal rather than judicial." *U.S. v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990). "[O]pinions formed by the judge on the

basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, Plaintiff alleges that the Court falsely labeled the Document she filed on August 21 as an amended complaint. This allegation clearly does not amount to "personal bias or prejudice" on the part of the judge. First, the judge is not the individual who assigns labels to filings for the Court's electronic docket, so such labels reflect nothing about the judge personally. Second, labeling the Document as an amended complaint is understandable because the type-written title includes the word "Complaint" and the allegations are in numbered paragraphs. Therefore the label reflects nothing more than a good faith attempt to interpret an ambiguous filing. Third, labeling the Document as an amended complaint *helped* Plaintiff maintain her moribund lawsuit. The Document was filed in the window of opportunity in which the Court had allowed Plaintiff to amend her deficient complaint for the fourth, and final, time. (Docs. 3, 7, 13, 41-44.) And the Document was the only thing resembling an amended complaint filed in that window. Had the Document not been labeled an amended complaint, the entire case would have been subject to dismissal. Therefore the label does not reflect "personal bias or prejudice" toward Plaintiff any more than the performance of CPR reflects animosity toward a person in cardiac arrest.

Because Plaintiff's motions for recusal do not include a certification of good faith and do not sufficiently allege that the undersigned judge has a personal bias or prejudice against Plaintiff, the motions will be denied.

**B.     Rule 60(b)(3)**

Under Federal Rule of Civil Procedure 60(b)(3), the Court "may relieve" a party from a final judgment, order, or proceeding in cases of "fraud . . . , misrepresentation, or misconduct by an opposing party." Here, Plaintiff offers no reason to think an opposing

party has committed fraud, misrepresentation, or misconduct. Therefore her motions for relief under Rule 60(b)(3) will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motions for recusal under 28 U.S.C. § 144 and relief under Federal Rule of Civil Procedure 60(b)(3) (Docs. 63, 64) are denied.

DATED this 4th day of November, 2015.

_____
Neil V. Wake
United States District Judge